**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAUL BORDE and FOREST
BOSTICK,

        Plaintiffs - Appellees,

v.

BOARD OF COUNTY
COMMISSIONERS OF LUNA
COUNTY, NEW MEXICO; JOHN
SUTHERLAND; R. JAVIER DIAZ;
FRED WILLIAMS, in their individual
capacities,

        Defendants - Appellants.

No. 10-2174
(D. Ct. No. 2:09-CV-1185-WDS-CBW)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, Circuit Judge, and **TACHA** and **BALDOCK**, Senior Circuit
Judges.

---

Defendants-appellants John Sutherland, R. Javier Diaz, and Fred Williams

(collectively, "the defendants") appeal from the partial denial of their motion to

dismiss under Fed. R. Civ. P. 12(b)(6) based on absolute immunity. We have

jurisdiction under 28 U.S.C. § 1291, *see Mitchell v. Forsyth*, 472 U.S. 511, 525

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(1985) (holding that the denial of absolute immunity is immediately appealable), and AFFIRM.

## I. BACKGROUND

The complaint alleged the following facts. Plaintiffs Paul Borde and Forest Bostick (collectively, "the plaintiffs") worked for Luna County, New Mexico under employment contracts executed on February 26, 2008. The contracts provided that the plaintiffs would be employed by Luna County for a term of three years. The contracts further provided that while Luna County could terminate the plaintiffs' employment at any time during the contract, severance pay would be owed unless the termination was a result of a felony conviction.

On June 23, 2009, roughly twenty months before the plaintiffs' contracts expired, the Luna County Commission voted 2-1 to terminate the contracts.[1] Neither plaintiff had been convicted of a felony. Defendants Diaz and Williams were the two Luna County Commissioners who voted to terminate the contracts. The plaintiffs did not have any notice that their contracts would be discussed at the June 23 Luna County Commission meeting, and they were not given any opportunity to be heard on the matter.

Defendant Sutherland was the Luna County Manager. Following the vote

---

[1]The plaintiffs' complaint alleges that the Commissioners voted to "terminate" their contracts. The defendants contend that the vote "voided" the contracts. Because at this stage we must accept the plaintiffs' allegations as true, we refer to the vote as "terminating" the contracts.

to terminate, he informed the plaintiffs that their contracts had been terminated and their services were no longer needed. He also told the plaintiffs that he would not honor the severance provisions of their contracts. In addition, the Luna County Human Resources Director indicated to the plaintiffs that Mr. Sutherland instructed him not to pay the plaintiffs their severance. Despite demands for payment to Mr. Sutherland and other defendants, the plaintiffs were not paid any severance as the contracts had provided.[2]

The complaint alleges two causes of action against the individual defendants: (1) a 42 U.S.C. § 1983 claim for the denial of substantive due process, based on the deprivation of the plaintiffs' property interest in either continued employment or severance pay; and (2) a 42 U.S.C. § 1983 claim for the denial of procedural due process, based on the deprivation of the aforesaid property interests without being afforded a meaningful opportunity to be heard.[3] The defendants moved to dismiss under Rule 12(b)(6), arguing that their conduct

---

[2] The complaint also alleges that the plaintiffs are entitled to payment under the Paid Time Off provisions of their contracts. For purposes of this appeal, however, any distinction between severance pay and paid time off is meaningless, and for convenience we simply refer to the amount claimed by the plaintiffs as "severance."

[3] The complaint also names the Board of County Commissioners as a defendant and it alleges additional claims against the Board. The defendants' motion to dismiss, however, relates only to the plaintiffs' claims against the individual defendants. Accordingly, this order and judgment does not address the plaintiffs' claims against the Board.

constituted legislative activity entitling them to absolute immunity.[4]  After the

parties agreed to proceed before a magistrate, the magistrate granted in part and

denied in part the defendants' motion to dismiss.  Specifically, the magistrate held

that: (1) defendants Diaz and Williams are absolutely immune from the plaintiffs'

substantive due process claims based on the commissioners' votes to terminate

the plaintiffs' contracts; (2) defendants Diaz and Williams are not immune from

the plaintiffs' substantive due process claims based on the commissioners' roles

in denying the plaintiffs' severance; (3) defendant Sutherland is not immune from

the plaintiffs' substantive due process claims based on his role in denying the

plaintiffs' severance; and (4) none of the defendants are immune from the

plaintiffs' procedural due process claims.  This appeal followed.[5]

## II.  DISCUSSION

We review de novo the district court's refusal to dismiss a complaint based

---

[4]The defendants also moved to dismiss based on qualified immunity, but they later withdrew that portion of the motion and it is not at issue in this appeal.  Similarly, the defendants also claimed absolute immunity based on the quasi-judicial nature of their actions, but the magistrate disagreed with that argument and the defendants do not raise it on appeal.

[5]The defendants' appellate appendix does not contain the motion to dismiss, the response, or the reply.  "Th[is] court need not remedy any failure by counsel to designate an adequate record.  When the party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it."  10th Cir. R. 10.3(B), 30.1(A)(3); *see also United States S.E.C. v. Maxxon, Inc.*, 465 F.3d 1174, 1175 n.1 (10th Cir. 2006) (noting that appellants who fail to provide a sufficient record on appeal risk summary dismissal of their appeal).  Although we decide to proceed to the merits in this case, we remind the appellants of their obligations under the Tenth Circuit Rules.

- 4 -

on absolute immunity. *Kamplain v. Curry Cnty. Bd. of Comm'rs.*, 159 F.3d 1248, 1250 (10th Cir. 1998). In moving to dismiss under Rule 12(b)(6) based on a claim of absolute immunity, "[t]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Howards v. McLaughlin*, 634 F.3d 1131, 1140 n.6 (10th Cir. 2011) (quotations omitted).

Legislators, including local legislators, are absolutely immune from suit for their legislative activities. *See Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). Legislative immunity also extends to non-legislative officials so long as their conduct involves the performance of legislative functions. *See id.* at 55. "Whether an act is legislative turns on the nature of the act." *Id.* at 54. Legislative acts include, among other things, voting on legislation, resolutions, and ordinances, *see id.* at 55; *see also Sable v. Myers*, 563 F.3d 1120, 1125–27 (10th Cir. 2009); proposing and signing legislation, *see Bogan*, 523 U.S. at 55; and conducting legislative investigations, *see Sable*, 563 F.3d at 1124 (citing *Tenney v. Brandhove*, 341 U.S. 367 (1951)). Officials are not legislatively immune from suit, however, for performing administrative actions which do not concern the enactment or promulgation of public policy. *See Sable*, 563 F.3d at 1125; *see also Kamplain*, 159 F.3d at 1252 ("Because the circumstances of this case did not concern the enactment or promulgation of public policy, we cannot say that [they] were related to any legislation or legislative function.").

On appeal, the defendants devote much of their argument to the votes cast by defendants Diaz and Williams, contending that their votes to terminate the plaintiffs' contracts were based on budgetary concerns and in furtherance of their positions as members of the Board of Commissioners of Luna County, and that the votes therefore qualify as legislative acts. The magistrate, however, granted defendants Diaz and Williams immunity insofar as the plaintiffs' substantive due process claims were premised on those defendants' votes to terminate the contracts, and the plaintiffs do not appeal that decision. Accordingly, the issue of whether defendants Diaz and Williams are immune from the plaintiffs' substantive due process claims based on those defendants' votes to terminate the plaintiffs' contracts is not before us on appeal.

In contrast to the plaintiffs' substantive due process claims arising out of the termination of their contracts, the magistrate denied immunity to defendants Diaz and Williams insofar as the plaintiffs' substantive due process claims were premised on those defendants' roles in denying the plaintiffs severance. Specifically, the magistrate concluded that "there is insufficient evidence in the record at this stage of the litigation for the court to determine Diaz and Williams' involvement in the decision [to deny severance], if any."

On appeal, the defendants contend that the plaintiffs' substantive due process claims against defendants Diaz and Williams, including the claims arising out of the denial of severance, are based solely on those defendants' votes at the

June 23 meeting. Therefore, the defendants argue, defendants Diaz and Williams should have been granted absolute legislative immunity with respect to the entirety of the plaintiffs' substantive due process claims. This argument fails to recognize the distinction between the plaintiffs' claims arising out of the termination of their contracts and those based on the denial of severance. As the magistrate noted, it is not clear from the complaint what role defendants Diaz and Williams played in denying the plaintiffs' severance. It is clear, however, that the plaintiffs' claims arising out of the denial of severance are not predicated solely on the votes of defendants Diaz and Williams. Indeed, the plaintiffs' complaint alleges that following the termination of their contracts, they requested severance from "Sutherland and other defendants (including Williams)," but were never paid. Defendants Diaz and Williams do not explain how their participation, whatever it may have been, in denying the plaintiffs' severance qualifies as legislative activity. Accordingly, we find no basis to reverse the magistrate's denial of immunity on this point. *See Howards*, 634 F.3d at 1140 n.6 ("The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question.").

Moreover, to the extent the defendants argue that the plaintiffs failed to adequately set forth in the complaint what roles defendants Diaz and Williams played in denying the plaintiffs' severance, they raise this argument for the first time on appeal. Indeed, the defendants' motion to dismiss was based entirely on

their claims of immunity; it did not address the adequacy of the plaintiffs' allegations regarding individual causation. Accordingly, we do not consider this argument further. *Turner v. Pub. Svc. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

The plaintiffs' complaint also alleges that all of the defendants denied the plaintiffs' rights to procedural due process by failing to provide notice that the employment contracts would be voted on at the June 23 meeting, and by failing to provide the plaintiffs an opportunity to be heard on the matter. The defendants ignored this claim in their motion to dismiss, and the magistrate determined that the immunity question could not be resolved simply on the face of the complaint. On appeal, the defendants make a blanket assertion, unsupported by argument or legal authority, that the failure to provide notice of an agenda item for a Commission meeting is a legislative act. We disagree. Unlike preparing legislation or voting on legislation, the acts of providing notice of a legislative meeting to interested parties and providing those parties with an opportunity to be heard do not implicate the legislative function. *Cf. Kamplain*, 159 F.3d at 1252 (holding that a county commission's decisions to limit a plaintiffs' attendance at county commission meetings and to limit a plaintiffs' ability to speak at those meetings were administrative in nature). Accordingly, the district court did not err in denying the defendants absolute legislative immunity with respect to the

plaintiffs' procedural due process claims.[6]

Finally, the defendants argue that the magistrate erred in denying Mr. Sutherland's claim of absolute legislative immunity.  According to the defendants, Mr. Sutherland "implemented the legislative act of the Commission by informing Plaintiffs of the outcome of the vote by the Commission and inform[ing] the payroll department of the decision."  This conduct, the defendants argue, was an integral step in the legislative process for which Mr. Sutherland is entitled to absolute legislative immunity.  We disagree that an executive official who implements legislation necessarily engages in legislative activity protected by absolute immunity.  Indeed, almost every act of an executive official can be characterized as implementing or enforcing legislation.  We do not think that the doctrine of legislative immunity sweeps so broadly.

---

[6]The defendants also appear to argue, for the first time on appeal, that the plaintiffs' complaint fails to adequately state a procedural due process claim against any of the individual defendants.  Because the defendants did not make this argument in their motion to dismiss, we do not consider it on appeal. *See Turner*, 563 F.3d at 1143 ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM.


ENTERED FOR THE COURT,


Deanell Reece Tacha
Senior Circuit Judge